## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

-------------------------------------------------------

BRANDY HUDSON

                    Plaintiff,

        v.                                          Civil Action No.

LAW OFFICE OF L. RYAN COPELAND,
P.C., LINDSAY RYAN COPELAND,
AND JOHN DOE(S)


                    Defendants.

-------------------------------------------------------

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

### PARTIES

4.     Plaintiff, Brandy Hudson ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Madison, and City of

Jackson.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, Law Office of L. Ryan Copeland, P.C. ("LOR") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.    LOR are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

8.    Defendant, Lindsay Ryan Copeland ("LRC") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9.    LRC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.    Upon information and good-faith belief:

a. LRC was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

b. LRC was personally involved in the collection of Plaintiff's debt.

c. LRC was materially involved in the collection of Plaintiff's debt.

d. LRC materially participated in LOR's debt collection   activities.

e. LRC was involved in the day-to-day operations of LOR's debt collection business.

f. LRC exercised control over the affairs of LOR's debt collection business.

11.     Defendant(s), John Doe(s) (JD) are or is an individual(s) who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12.     JD is/are a "debt collector(s)" as defined by 15 U.S.C. § 1692a(6).

13.     Upon information and good-faith belief:

a. JD was/were regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

b. JD was/were personally involved in the collection of Plaintiff's debt.

c. JD was/were materially involved in the collection of Plaintiff's debt.

d. JD materially participated in LOR's debt collection activities.

e. JD was/were involved in the day-to-day operations of LOR's debt collection business.

f. JD exercised control over the affairs of LOR's debt collection business.

14.     Upon information and good-faith belief, JD purchased from LRC the right to do business under the name LOR.

15.     Upon information and good-faith belief, JD was/were at all relevant time engaged in a debt collection business under the name LOR.

16.     "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); *see Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070–71 (E.D. Cal. 2008).

17.     Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070–71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437–38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46–47 (D. Conn. 1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337–38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal. 1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

## FACTUAL ALLEGATIONS

18.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than LOR and LRC.

19.     Plaintiff's obligation, or alleged obligation arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

20.     Plaintiff incurred the obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than LOR and LRC.

21.    LOR use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due another.

22.    LRC use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due another.

23.    In connection with collection of an alleged debt in default, LOR, by and through its agent and/or employee, placed a call to Plaintiff's cellular telephone on July 13, 2011, and on such date, left the following voicemail message:

> This is (inaudible) Schwartz for Copeland Law Offices. I need to speak with Brandy Hudson please. Uh, Ms. Hudson I need to speak with you, uh, immediately, uh, involving, uh (inaudible) here in my office.  I should be able to help you, uh, resolve this issue voluntarily without having to, uh, schedule you for service of process for you to appear here, I need you. My number here is 716-803-8819. (inaudible). Thank you.

24.    In the above-detailed voicemail, dated July 13, 2011, LOR failed to notify Plaintiff that the communication was from a debt collector.

25.    In failing to disclose that LOR are a debt collectors, LOR failed to meaningfully disclose its identity in its voicemail message of July 13, 2011.

26.    In the above voicemail, dated July 13, 2011, LOR conveyed a false

sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

27.    LOR, by and through its agent and/or employee, placed a call to Plaintiff's cellular telephone on July 18, 2011, and on such date, left the following voicemail message:

> Ms. Hudson, uh, this is Mr. Schwartz from Copeland Law Office. I am not going to continually call you regarding this issue, uh, just so you are aware, this is the last time I try and give you a call, uh, about this so. Uh, the case number is US-283152. Uh, you can contact the Copeland Law Office at 716-803-8819 if you wish to, uh, discuss this matter, uh, amicably, uh, and in further detail. Uh, good luck to you Ms. Hudson.

28.    In the above voicemail, dated July 18, 2011, LOR failed to notify Plaintiff that the communication was from a debt collector.

29.    In failing to disclose that LOR are a debt collectors, LOR failed to meaningfully disclose its identity in its voicemail message of July 18, 2011.

30.    In the above voicemail, dated July 18, 2011, LOR conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

31.    Upon information and good-faith belief, LOR, by and through its agent and/or employee, placed a call to Plaintiff's cellular telephone on July 26, 2011, and on such date, left the following voicemail message:

> Yes, good afternoon, this message is for Ms. Hudson Brandy. Um, my name is Mr. Leonard Harris. I'm calling to, uh, inform you that I received a fax earlier this morning from our client Copeland Law Office, to put you on a (inaudible) for

service of summons to appear in court. Brandy, I'm calling and letting you know that we will have a representative either out to your residence and/or place of employment within the next 48 or 72 hours either out to your residence and/or place of employment. That does leave you a small window of opportunity if you choose to call the filing party, their number is as follows, 888-415-2809. Again, the number is 888-415-2809. Thank you.

32.    In the above voicemail, dated July 26, 2011, LOR failed to notify Plaintiff that the communication was from a debt collector.

33.    In failing to disclose that LOR are debt collectors, LOR failed to meaningfully disclose its identity in its voicemail message of July 26, 2011.

34.    In the above voicemail, dated July 26, 2011, LOR represented that a lawsuit had been filed against Plaintiff, and as such, LOR made a false representation regarding the legal status of the debt.

35.    Upon information and good-faith belief, LOR, by and through its agent and/or employee, placed a call to Plaintiff's cellular telephone on July 28, 2011, and on such date, left the following voicemail message:

Yes hi, um, good afternoon. This message is for Brandy Hudson. Ms. Hudson, this is Mr. Harris I wanted to follow up with you here this afternoon in regards to the fax that I received. Um, I'm scheduling you for service of summons, um. Ms. Hudson its my job and obligation to inform you that, uh, we have not yet received a cease and desist order from the filing party. I will assume that this is something you have chosen not to handle voluntarily. Understand Ms Hudson we will have a representative either out to your residence and/or place of employment in the next, uh, probably (inaudible) excuse me. Um, it will be before the end of the business day on July 28th. Again, Ms. Hudson the number is 888-415-2809.

36.    In the above-mentioned voicemail, dated July 28, 2011, LOR failed to notify Plaintiff that the communication was from a debt collector.

37.    In failing to disclose that LOR is a debt collector, LOR failed to meaningfully disclose its identity in its voicemail message of July 28, 2011.

38.    In the above-mentioned voicemail, dated July 28, 2011, LOR represented that a lawsuit had been filed against Plaintiff, and as such, LOR made a false representation regarding the legal status of the debt.

39.    LOR's actions constitute conduct highly offensive to a reasonable person, and as a result of LOR's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

40.    LRC's actions constitute conduct highly offensive to a reasonable person, and as a result of LRC's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

41.    JD's actions constitute conduct highly offensive to a reasonable person, and as a result of JD's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

42.    Plaintiff repeats and re-alleges each and every allegation contained

above.

43.     LOR violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that LOR violated 15 U.S.C. § 1692e(10);

b)  Adjudging that LRC is personally liable for LOR's violation;

c)  Adjudging that JD is/are personally liable for LOR's violation;

d)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

e)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

44.     Plaintiff repeats and re-alleges each and every allegation contained above.

45.     LOR violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff

during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LOR violated 15 U.S.C. § 1692e(11);

b) Adjudging that LRC is personally liable for LOR's violation;

c) Adjudging that JD is/are personally liable for LOR's violation;

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

e) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(1)(A)

46.    Plaintiff repeats and re-alleges each and every allegation contained above.

47.    LOR violated 15 U.S.C. § 1692e(1)(A) by conveying a false representation of the legal status of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(1)(A);

b)  Adjudging that LRC is personally liable for LOR's violation;

c)  Adjudging that JD is/are personally liable for LOR's violation;

d)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

e)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692(d)(6)**

48.  Plaintiff repeats and re-alleges each and every allegation contained above.

49.  LOR violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that LOR violated 15 U.S.C. § 1692(d)(6);

b)  Adjudging that LRC is personally liable for LOR's violation;

c)  Adjudging that JD is/are personally liable for LOR's violation;

d)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §

1692k, in the amount of $1,000.00;

e) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 14, 2011

Respectfully submitted,

Brandy Hudson

By: s/Craig Ehrlich
Craig Ehrlich
Attorney for Plaintiff
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

***Please send correspondence to the address below***

Craig Ehrlich
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012